10-2612-cv
Deborah Wilson v. General Mills, Inc.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

       **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25ᵗʰ day of May, two thousand eleven.**

PRESENT:

       JOSÉ A. CABRANES,
       REENA RAGGI,
              *Circuit Judges,*
       JANE A. RESTANI,
              *Judge.*\*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

DEBORAH WILSON,

       *Plaintiff-Appellant,*

    v.                                  No. 10-2612-cv

GENERAL MILLS, INC.,

       *Defendant-Consolidated-Defendant-Appellee.*\*\*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**         CHARLES MILLER II (Lindy Korn, *of counsel*),
                                      Buffalo, NY.

---

\* The Honorable Jane A. Restani, of the United States Court of International Trade, sitting by designation.

\*\* The Clerk of Court is instructed to amend the official caption as set forth above.

**FOR DEFENDANT-APPELLEE:**    DAVID L. CHRISTLIEB (Keith C. Hult, *of counsel*), Littler Mendelson, Chicago, IL.


Appeal from a judgment of the United States District Court for the Western District of New York (William M. Skretny, *Judge*).


**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED** and the parties are **ORDERED** to comply with their settlement agreement.


Plaintiff-appellant Deborah Wilson ("plaintiff" or "Wilson") appeals from a June 2, 2010 order of the District Court granting the motion of defendant-appellee General Mills, Inc. to enforce a settlement agreement ("the Agreement") between the parties. The Agreement was the result of a lawsuit brought by plaintiff, alleging sexual and racial harassment, discrimination, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and New York State Human Rights Law, Executive Law § 290. The Agreement provided, *inter alia*, that plaintiff would release General Mills and any of its subsidiaries or other related bodies from any claims arising from this matter in any federal or state judicial or administrative body. We assume the parties' familiarity with the facts and procedural history of this case and the issues raised on appeal.


In its June 2, 2010 order, *Wilson v. General Mills*, 08-cv-00597 (W.D.N.Y. June 2, 2010), following *de novo* review, the District Court adopted the Report and Recommendation ("R & R") of Magistrate Judge Jeremiah J. McCarthy, s*ee Report and Recommendation*, 08-cv-00597 (S)(M) (W.D.N.Y. Feb. 18, 2010), and Judge Skretny rejected plaintiff's subsequent objections to the R&R.


We review a District Court's decision to deny a motion to reinstate a case to the court calendar following settlement for abuse of discretion. *See Powell v. Omnicom, BBDO/PHD*, 497 F.3d 124, 128 (2d Cir. 2007); *cf. Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) ("A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." (alteration, citations, and quotation marks omitted)). We review the factual finding that a settlement agreement exists, and that parties assented to that agreement, for clear error. *Powell*, 497 F.3d at 128. "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court . . . is left with the definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985) (quotation marks omitted).

In his careful and well-reasoned R & R, the Magistrate Judge explained that, based on the totality of the record before the District Court, plaintiff had consented, on the record, to the Agreement and that any alleged dissatisfaction with her counsel could not void the Agreement. For substantially the reasons stated by Magistrate Judge McCarthy in his R & R of February 18, 2010, we affirm the judgment of the District Court with respect to all claims, and we now enter judgment enforcing the Agreement.

## **CONCLUSION**

For the reasons stated above, the judgment of the District Court is **AFFIRMED**, judgment is entered for defendant, and the parties are **ORDERED** to comply with the settlement agreement in any forum that is contemplated by its terms.

The mandate shall issue forthwith.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court